Jones, J.
I agree that if the award be made on the same day as that of the date of the bond, although the words be that the award is to be made after the date, still it is well, and 5 Rep. Clayton's case, has been often overruled, (he did not particularize any case.) I have been a case adjudged, where an act was to be done within eleven days after the date, and the other pleaded, that it was not done within eleven days, after the day of the date, and the plea was adjudged bad, and the traverse repugnant.
Doderidge, J.
A traverse ought to be of the thing in dispute, between the parties. Here they agree on the fact; the dispute is on the date of the traverse: absque hoc, quod cognovit goes to the fact. Two are bound jointly and severally in an obligation, delivered by one of them on the 1st of May, and the other on the 1st of July: in debt against both, one pleads that he delivered it on the 1st of July, absque hoc, that he was jointly bound; it is bad. For after the delivery it is a joint obligation, and the deed prima facie shall be intended to have been delivered on the day of the date. With respect to the exclusion of the 28th of April, I agree with my brother Jones. An assize may be on the day of the disseisin. It has been objected that the bar is good to common intent: but that cannot supply the place of a special matter; and it ought to have been said that after the confection no award was made.
Crew, C. J.
The traverse is not good. For a traverse of circumstances is bad; and the date is not material. For a deed may have an impossible date, as the 30th of February, and still be good. As to the second point ut Supra. Jones 66. Bendl. 146. 1 Cr. 705. 1 Cr. 667.